RICHARD L. HOLMES, Retired Appellate Judge.
This case involves the statutory redemption of real property.
Our review of the record reveals the following pertinent facts: At a mortgage foreclosure sale Stacy Hanback purchased certain real property located in Colbert County, Alabama. The purchase price paid at the mortgage foreclosure sale was $19,760. Hanback received a mortgage foreclosure deed, dated September 7, 1993. Hanback testified that the money used to purchase the property was given to her by Dosie Moseley, her boyfriend, who is Derek Moseley’s brother.
There was a house located on the property which Hanback had purchased at the mortgage foreclosure sale. On September 21, 1993, Hanback entered into a sales agreement with The Carpet Broker. The sales agreement provided that The Carpet Broker was to perform certain repairs to the flooring and to replace the floor covering in the house. The total contract price was $11,-807.52, which the sales agreement indicated had been paid in cash. Hanback testified that the money used to pay The Carpet Broker was also given to her by Dosie Moseley.
*601 There was testimony in the record which indicated that The Carpet Broker had to special-order the materials needed to fulfill the sales agreement and that when items are special-ordered, the purchase price is nonrefundable. The testimony also indicated that, although the sales agreement with The Carpet Broker was executed on September 21,1993, work under the sales agreement did not begin on the house until November or December 1993, because the materials had to be ordered and received. In fact, on January 7, 1994, the date of the hearing in this ease, The Carpet Broker was in the process of completing the job.
On October 12, 1993, Hanback received a letter by certified mail from the attorney for Derek Moseley, as administrator of the estate of John Charles Moseley, deceased. Derek Moseley is one of the sons of the deceased. This letter stated: “[Hanback is] herewith requested to provide a written, itemized statement of the debt arid all lawful charges claimed by [Hanback] in ten days, so that the Estate may redeem this property.”
All parties agree that Hanback responded within ten days by faxing a copy of the sales agreement with The Carpet Broker to Moseley’s attorney. It is undisputed that this was Hanback’s only response to the letter from Moseley’s attorney.
Moseley acknowledged that he received the faxed copy of this sales agreement. However, he testified that he did not consider the sales agreement to be a lawful charge to be paid as part of the redemption process because the work contemplated by the sales agreement had not been started at the time that he sent the letter requesting a written, itemized statement of the debt and lawful charges or at the time he filed his complaint for redemption.
On October 26, 1993, Moseley filed a complaint for redemption pursuant to Ala.Code 1975, § 6-5-252. Hanback filed an answer, wherein she indicated that she had furnished an itemized statement of lawful charges to Moseley within the 10-day time limit and that the repairs and improvements contracted for -with The Carpet Broker were reasonably necessary and served to enhance the value of the property.
After a hearing on January 7, 1994, the trial court issued an order, which provided in pertinent part:
“[T]he court herewith finds that [Moseley] is entitled to redeem said real estate from [Hanback], the purchaser at the foreclosure sale, for the sum of $19,760.00. The court further finds that those certain charges as set out in the sales agreement from ‘The Carpet Broker’ which were admitted into evidence at this hearing do not constitute ‘lawful charges’ within the meaning of Section 6-5-253 Code of Alabama, and that [Hanback] failed to furnish a written, itemized statement of any other charges pursuant to Section 6-5-252 of the Code of Alabama.”
Hanback filed a Rule 59, A.R.Civ.P., motion, which was denied.
Hanback appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal Hanback contends that the trial court erred when it failed to award her the contract price for the sales agreement executed with The Carpet Broker and that the trial court erred when it failed to award interest to her.
Section 6-5-252 provides, in pertinent part:
“Anyone desiring and entitled to redeem may make written demand of the purchaser ... for a statement in writing of the debt and all lawful charges claimed by ... her, and such purchaser ... shall, within 10 days after such written demand, furnish such person making the demand with a written, itemized statement of all lawful charges claimed by ... her. The redeeming party must then tender all lawful charges to the purchaser_ If the purchaser ... fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, ... she shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his ... complaint without a tender to enforce his ... rights under this *602 article and file a lis pendens with the probate court.”
Ala.Code 1975, § 6-5-253, provides in pertinent part:
“(a) Anyone entitled and desiring to redeem real estate under the provisions of this article must also pay or tender to the purchaser ... the 'purchase price paid at the sale, with interest at the rate allowed to be charged on money judgments as set forth in Section 8-8-10 ... and all other lawful charges, also with interest as aforesaid; lawful charges are the following:
“(1) Permanent improvements as prescribed herein.”
(Emphasis added.)
Ala.Code 1975, § 6-5-254(a), provides, in pertinent part: “[a]ny person offering to redeem must pay to the then holder of the legal title the value of all permanent improvements made on the land since the sale.” (Emphasis added.) The Comment to § 6-5-254 states, in pertinent part: “[t]he words ‘value of the permanent improvements’ has been held to mean the market value of the improvements and not the costs thereof” (Emphasis added.)
In the present case, the repairs to the flooring and the replacement of the floor covering had not actually been “made on the land since the sale,” as provided in § 6-5-254. Further, the faxed copy of the sales agreement indicated the costs of the planned improvements, not the market value of the improvements. Consequently, we cannot say that the trial court erred when it disallowed the sales agreement as a lawful charge.
Hanback also claims that the trial court erred when it did not allow interest. As noted in § 6-5-253, interest must be paid. Consequently, the trial court erred when it did not allow interest in the present ease.
In view of the above, the judgment is affirmed in part and reversed in part, and the cause is remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.